UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michelle Mascioli,<br><br>                                    Plaintiff,<br><br>              -v-<br><br>Chevron U.S.A. Inc. and Liberty Utilities (New York Water) Corp.,<br><br>                                    Defendants. | 2:25-cv-576<br>(NJC) (SIL) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

Presently before the Court is an application to proceed in forma pauperis ("IFP") filed by Michelle Mascioli ("Mascioli") in relation to her pro se complaint originally filed in the United States District Court for the Southern District of New York and transferred to the Eastern District of New York on February 3, 2025. (*See* Compl., ECF No. 1; IFP App., ECF No. 9; ECF No. 5.) For the reasons that follow, the application to proceed IFP is denied without prejudice and with leave to renew upon filing a complete IFP application. Alternatively, Mascioli may pay the $405.00 filing fee within fourteen (14) days in order for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks and alterations omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the

statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." *Velasquez v. Comm'r of Soc. Sec.*, No. 24-cv-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion). When a litigant's application fails to establish the level of poverty required under the IFP statute, such application is properly denied. *See, e.g.*, *Miller v. Smith*, No. 21-cv-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021) (denying IFP motion where the plaintiff did not disclose the balance in her checking account). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Here, Mascioli's application does not provide sufficient information for the Court to reasonably conclude that Mascioli is unable to afford the filing fee. To be sure, Mascioli has omitted a response to the critical question: "How much money do you have in cash or in a checking, [or] savings [] account." (IFP App. ¶ 4.) Further, Mascioli provided a response to only one question—number 7—and left the response space for every other question blank. (*See id*. ¶¶ 1–8.) Nor did Mascioli sign the IFP application. (*Id*. at 2.)

Thus, the present application raises more questions than it answers and does not demonstrate that Mascioli is qualified to proceed IFP. Accordingly, the IFP motion is denied without prejudice and with leave to renew on the enclosed short form IFP application within two weeks from the date of this Memorandum and Order. Alternatively, Mascioli may pay the $405.00 filing fee. Mascioli is cautioned that, once paid, there are no refunds of the filing fee regardless of the outcome of this case. Therefore, Mascioli is encouraged to consult with the

Hofstra Law Pro Se Clinic located in the Central Islip Courthouse, which can provide free information, advice, and limited scope legal assistance to non-incarcerated pro se litigants. The Court notes that the Pro Se Clinic is not part of, nor affiliated with, the United States District Court. The Clinic may provide brief legal counseling, explain federal court rules and procedures; and review and edit draft pleadings and correspondence with the Court. Consultations with the Pro Se Clinic can be conducted remotely via telephone. To contact the Pro Se Clinic to make an appointment, send an email to [PSLAP@Hofstra.edu](mailto:PSLAP@Hofstra.edu) or leave a message at (631) 297-2575.

To be clear and for the avoidance of any doubt, Mascioli shall either file a signed and complete renewed IFP application or remit the filing fee within two (2) weeks of the date of this Order or the Complaint will be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Mascioli with a short form IFP application at her address of record and to note such mailing on the docket.

Dated:   Central Islip, New York
         February 19, 2025

                                          */s/ Nusrat J. Choudhury*
                                          NUSRAT J. CHOUDHURY
                                          United States District Judge